HENDRY, Judge.
General Insurance Company of America was defendant below, having been sued by plaintiff-appellee Roth to recover damages based upon a policy issued by the appellant, for the loss of certain personal property which was alleged to have been destroyed when a truck which he was driving caught fire. The case proceeded to trial and the appellee ultimately obtained a judgment *663 for damages and costs against General Insurance. This interlocutory appeal has arisen over the matter of the awarding of attorney’s fees. Two post trial hearings were held, after which the trial court awarded attorney’s fees to Roth’s counsel under § 627.0127 Fla.Stat.F.S.A. (1967). By this appeal, we are asked to determine the correctness of the trial court’s application of § 627.0127, supra, to the facts of the case at bar. We must affirm the trial court’s finding.
The applicable portions of § 627.0127 provides as follows:
“627.0127 ATTORNEY FEE — Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy of contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had. * * * Where so awarded compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.”
However, a limitation is placed upon the above cited statutory provisions in § 627.-01001, Fla.Stat.F.S.A. (1967), which further provides:
“627.01001 SCOPE OF PART II— “No provision of part II of this chapter [which includes § 627.0127] shall apply to: * * *
“(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as provided in § 627.-01091(6) (approval of forms for delivery in jurisdictions where local approval not provided for).”
It is the appellant’s contention that the latter statutory restriction applies to the case at bar in that the insurance policy sued upon was not issued for delivery in this state nor delivered in this state. We now proceed to set forth the facts and principles of law which support our decision rejecting the appellant’s contention.
In August, 1966, the appellee made preparations to move himself and his family from Cincinnati, Ohio, to Miami. He completed the necessary preparations for a permanent change of residence, including the sale of his home and the making of arrangements to transport his personal goods to Miami. Roth contacted the appellant and discussed his plans to move to Miami, advising the insurance company of the details and route he was preparing to take in order to deliver his personal property to Florida. The appellant issued and delivered the subject insurance policy in Cincinnati. The first trip to Miami was uneventful, as the ap-pellee delivered his family and certain personal property to his new residence; thereafter, numerous acts were performed and obligations assumed which were commensurate with the appellee’s becoming a bona fide resident of Florida. Roth then made a second trip to Cincinnati in order to pick up the balance of his personalty; during his return to Florida from that trip, while in the state of Kentucky, the destruction of the property occurred. Roth filed preliminary proof of loss papers in Cincinnati and was told by the insurance company to contact its representative in Miami upon his return home. Thereafter, the appellee returned to Miami, from which he conducted all subsequent negotiations and legal proceedings with and against the appellant.
In the case of Fellar v. Equitable Life Assurance Society, Fla.1952, 57 So.2d 581, the Supreme Court held that a prior statute which, like § 667.0127, supra, provided for the award of attorney fees in certain insurance cases, was procedural in nature and applicable to an insurance contract executed and delivered in another state. In the initial stages of the opinion, the court quoted with approval certain language contained in the case of Fidelity-Phenix Fire Insurance Company of New York v. Cortez *664 Cigar Company, 92 F.2d 882, 885 (5th Cir. 1937):
“The Florida Statute, (Compiled General Laws, § 6220) about attorney’s fees requires that when a judgment is rendered for the plaintiff in any suit upon a policy of insurance ‘In any of the courts of this state’, a reasonable attorney’s fee for the plaintiff shall be included in the judgment. This statute is plainly a procedural one limited to the courts of Florida. It will of course be applied by federal courts in Florida, but it has no force outside of Florida in either State or Federal courts. The statute adds no incident to Florida insurance contracts. It applies to suits in Florida courts on insurance contracts made anywhere. Its policy is to discourage the contesting of policies in Florida courts, and to reimburse plaintiffs reasonably their outlays for attorney’s fees when suing in Florida courts. The right to this reimbursement is not inherent in the contract, but is an incident of a Florida suit on an insurance contract made anywhere. (Emphasis supplied by the Florida Supreme Court.)”
The court then moved on to treat the particular facts before it in the case, concluding with the following statement as to § 625.08 Fla.Stat.F.S.A., now § 627.0127, supra:
“Notwithstanding the fact that where an insurance policy is a Florida contract, the statute, § 625.08, may be a part of the contract and, therefore, create a substantive right in the beneficiary, such fact does not prohibit or prevent such provision of the statute also from being a vital procedural one in the courts of the state of Florida in any suit upon an insurance policy where the beneficiary is successful. This statute is a part of the public policy of the state of Florida and its purpose is to discourage the contesting of policies in Florida courts and to reimburse successful plaintiffs reasonably for outlays for attorney’s fees when a suit is brought against them, or they are compelled to sue, in Florida courts to enforce their contracts.” Id. at 586.
See also Kellogg Company v. Aetna Casualty & Surety Company, 282 F.Supp. 955 (S.D.Fla.1968).
It is our view that the statutory authority at issue herein is procedural in nature, and was properly applied by the trial court to the facts of the case at bar. Therefore, the order awarding attorney’s fees is hereby affirmed.
Affirmed.