301 So.2d 789 (1974)
MASSACHUSETTS INDEMNITY & LIFE INSURANCE COMPANY, a Massachusetts Corporation, Appellant,
v.
Bernard SCHUPPER, Appellee.
No. 74-21.
District Court of Appeal of Florida, Third District.
September 24, 1974.
Rehearing Denied November 5, 1974.
*790 Everett H. Dudley, Hialeah, for appellant.
Wolf & Schoninger, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant appeals an amended final summary judgment entered in favor of the plaintiff and an order awarding plaintiff the sum of $12,500 as reasonable attorneys' fees in an action to recover benefits under a disability insurance policy.
In June 1953, defendant-appellant, Massachusetts Indemnity & Life Insurance Company issued to the plaintiff-appellee, Bernard Schupper, then a resident of New York, a disability insurance policy. Under the terms thereof, plaintiff is entitled to benefits if he is disabled to the extent that he can no longer engage in his regular occupation and under the dismemberment section is entitled to $300 per month for life for the total and irrecoverable loss of sight. While living in New York, plaintiff operated a jewelry store, then a general merchandise store and thereafter worked as an advertising representative for a newspaper. In 1969, Mr. Schupper and his family moved to Florida and he has been unemployed ever since. In July 1970, plaintiff-appellee suffered an impairment of his vision which resulted in an extreme contraction of his peripheral vision or what is more commonly known as "tunnel vision". Defendant insurer paid disability benefits for 15 months, the maximum period allowed under the policy for total disability due to sickness. In 1971, two physicians rendered opinions that Mr. Schupper was "legally blind" and in 1972 a third physician determined that although plaintiff was not totally blind in the sense of no light perception, he would qualify for total blindness because of the contraction of his peripheral vision which was irrecoverable. Thereupon, plaintiff-appellee filed a claim with the defendant to recover benefits pursuant to the "disability caused by dismemberment" portion of his policy for the total and irrecoverable loss of sight. Defendant insurance company, contending that in order to recover thereunder plaintiff must be totally blind, denied the claim. Plaintiff-appellee then filed the instant suit. Defendant insurer filed its answer wherein it admitted that plaintiff had suffered some loss of sight, but denied that plaintiff was entitled to benefits for total loss of sight. Thereafter both parties, agreeing that there was no question of fact to be determined by the court, filed motions for summary judgment. After a hearing was held thereon, the trial court entered summary final judgment in favor of the plaintiff, Mr. Schupper. Defendant insurer filed a petition for clarification and pursuant thereto the trial judge entered an amended final *791 summary judgment wherein the court made the following findings: (1) that the standard to be applied in determining whether a party is entitled to recovery under a disability insurance policy involving blindness is whether or not the party has lost the practical and/or beneficial use of his eyes; (2) that a person who is legally blind and for whom medical science can do naught is entitled to recover under a disability policy for loss of eyesight; and (3) that the phraseology of the policy "total and irrecoverable" loss of sight means loss of useful or beneficial sight as those terms are understood in everyday usage. Thereafter, plaintiff-appellee filed a motion for attorneys' fees pursuant to § 627.428, Fla. Stat., F.S.A. On February 19, 1974 after an evidentiary hearing thereon, the trial court entered an order granting plaintiff $12,500 as reasonable attorneys' fees. Defendant-insurer appeals therefrom.
Defendant-appellant basically contends that the trial court erred in finding that the plaintiff who is without peripheral vision qualifies to receive benefits under the following section of its disability policy:
"C. DISABILITY CAUSED BY DISMEMBERMENT. The complete severance of both entire hands or both entire feet or one entire hand and one entire foot, or the total and irrecoverable loss of sight in both eyes, whether such severance or such loss of sight is caused by said injury or by said sickness, shall be deemed to constitute "total disability due to injuries" regardless of the definition of Part I-A(i) above. In the event of such loss The Monthly Income will commence to accrue immediately with no initial waiting period. The first payment under this Paragraph will be made immediately after receipt of due proof of such loss, and subsequent payments will be made monthly thereafter during the Insured's lifetime. Payments under this Paragraph shall not be subject to the medical care requirement of Part I-D(i)."
It is well established that the policy of insurance, like other contracts, must be liberally construed in favor of the insured so as not to defeat the claim to the indemnity which the policy protects. New York Life Insurance Company v. Bird, 152 Fla. 532, 12 So.2d 454 (1943).
Consistent with the above principal we are in accord with those jurisdictions which hold the view that whether a disability insurance policy insures against loss of sight, loss of entire sight, or entire loss of sight as in the case sub judice or whether it refers to blindness or total blindness, it is generally interpreted to mean loss of practical use of sight rather than literal blindness. See Annot., 87 A.L.R.2d 481 at 488 (1963). It is undisputed that plaintiff in the case at bar is considered to be legally blind as defined by § 413.021(1), Fla. Stat., F.S.A., and thus has lost practical use of his sight. Therefore, we find the trial judge to be correct in his determination that the standard to be applied in deciding whether plaintiff is entitled to recovery under the subject policy is whether or not plaintiff has lost the practical and/or beneficial use of his eyes, concluding under the undisputed facts that he has so lost that use of his eyes and thereupon entering summary final judgment in his favor.
Defendant-appellant additionally argues that the trial court erred in awarding plaintiff attorneys' fees pursuant to § 627.428, Fla. Stat., F.S.A. in this suit upon the subject policy which was neither issued nor delivered nor intended to be delivered in the State of Florida. We cannot agree.
Simply, we adhere to our holding in General Insurance Company of America v. Roth, Fla.App. 1970, 233 So.2d 662 that § 627.428, Fla. Stat., F.S.A., which provides for the award of attorneys' fees upon the rendition of a judgment against an insurer and in favor of the insured under an insurance policy, is procedural in nature and applicable to an insurance contract executed and delivered in another state.
*792 On cross-appeal, plaintiff contends that the amount of attorneys' fees was not reasonable.
After a careful examination of the record on appeal, we find there was substantial competent evidence contained therein to support the award of $12,500 as reasonable attorneys' fees and, therefore, we will not disturb this award. Thus, this argument of cross-appellant must fail.
Accordingly, for the reasons cited hereinabove, the judgment and order herein appealed are affirmed.
Affirmed.