322 So.2d 549 (1975)
PAN-AMERICAN LIFE INSURANCE COMPANY, a Louisiana Corporation, Petitioner,
v.
Angel Fernando Tamargo Y DIAZ, Respondent.
No. 45973.
Supreme Court of Florida.
November 5, 1975.
*550 Sam Daniels, Miami, for petitioner.
Edward A. Perse, of Horton, Perse & Ginsberg, and Acosta & Duran, Miami, for respondent.
OVERTON, Justice.
This is a petition for conflict certiorari to review a decision of the Third District Court of Appeal reported as Diaz v. Pan-American Life Insurance Company, 296 So.2d 534 (Fla.App.3d 1974). It concerns a life insurance policy which the petitioner, a Louisiana corporation, issued in 1943 at its New Orleans office, delivering that policy to the respondent who was then a citizen and resident of Havana, Cuba. The respondent, after becoming a resident of Miami, Florida, brought an action in 1973 to recover the cash value of the policy. The petitioner defended on the grounds that the statute of limitations barred recovery and further disputed the method of computing the value of the policy.
The trial court held the statute of limitations barred recovery under the facts of this case and entered a summary final judgment in favor of the petitioner insurance company. The action of the trial court was reversed by the Third District Court of Appeal, which directed the trial court to enter a summary judgment in the respondent insured's favor as to liability and try the issue of "whether the proceeds of the policy were to be paid at a hundred cents on the dollar or in a lesser amount upon and equivalent to the value of Cuban pesos." Upon filing its opinion, the District Court in a separate order granted respondent's motion for attorney's fees and ordered the petitioner to pay the attorneys for the respondent the sum of $750.00 as compensation for their services before that court.
We have no conflict jurisdiction over the opinion of the District Court on the merits of this cause, and it is not appropriate for us to comment further thereon.
The respondent concedes that the order awarding attorney's fees by the Third District Court of Appeal is in direct conflict with the opinion of the Fourth District Court of Appeal in Pan-American Life Insurance Company v. Fuentes, 258 So.2d 8, 11 (Fla.App.4th 1971). We agree and take jurisdiction. Fla. Const., Art. V, § 3(b)(3). We hold that attorney's fees are not recoverable under the circumstances of this cause, and we adopt the holding of the Fourth District Court of Appeal in Pan-American *551 Life Insurance Company v. Fuentes, supra, in which that court said:
"... With certain exceptions not pertinent here, Section 627.0127, F.S. 1969, F.S.A., does not apply to an insurance contract which like the one here involved was neither issued for delivery in Florida nor delivered in this state... ."
The petition for certiorari is discharged as it concerns the opinion of the Third District on the merits of the cause. The petition is granted with reference to the order awarding attorney's fees and the order is hereby quashed.
It is so ordered.
ADKINS, C.J., and ROBERTS and BOYD, JJ., concur.
ENGLAND, J., concurs with an opinion, with which ADKINS, C.J., and OVERTON, J., concur.
ENGLAND, Justice (concurring).
I concur with Justice OVERTON'S opinion in all respects. The action of the Court in reviewing by certiorari only the order on which our jurisdiction is based, and not another district court order which would not be reviewable independently, comports with my understanding of the scope of our jurisdiction. Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34, 38 (Fla. 1975) (England, J., concurring).
I concur specially, as I did in Bennett v. State, 316 So.2d 41, Fla. 1975, to note what I perceive to be the effect of our decision on other Florida precedents. I believe our decision today necessarily overrules General Ins. Co. of America v. Roth, 233 So.2d 662 (3d DCA Fla. 1970).
ADKINS, C.J., and OVERTON, J., concur.