The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a Mutual Insurance Company, Plaintiff-Appellee,

v.

Kenneth J. MacGILL, Defendant-Appellant.

No. 75–3017.

United States Court of Appeals, Fifth Circuit.

May 9, 1977.

Rehearing and Rehearing En Banc Denied June 16, 1977.

---

Werner Weinstock, New York City, with whom Michael W. Brody, New York City, was on the brief, and Eugene L. Heinrich, McCune, Hiaasen, Crum, Ferris & Gardner, Ft. Lauderdale, Fla., for plaintiff-appellee.

Paul R. Regensdorf, Fort Lauderdale, Fla., with whom Robert D. McIntosh was on the brief, Fleming, O'Bryan & Fleming, Ft. Lauderdale, Fla., for defendant-appellant.

Before BROWN, Chief Judge, AINS-WORTH, Circuit Judge, and JAMESON *, District Judge.

JAMESON, District Judge:

Appellant, Kenneth J. MacGill has appealed from an order awarding him an attorney fee of $1.00, following a judgment in his favor on a counterclaim in a declaratory judgment action instituted by appellee, Equitable Life Assurance Society of the United States. Appellant contends that the amount of the award is unreasonable and constituted an abuse of the district court's discretion. Equitable, although not taking

* Senior District Judge of the District of Montana, sitting by designation.

a cross-appeal, contends that no attorney fees were properly awardable.[1]

### Factual Background

MacGill, a former airline pilot, was insured under a group policy issued by Equitable to the Airline Pilots Association. He submitted a claim for disability. Equitable refused to pay benefits under supplemental plans of the policy, contending that MacGill had materially misrepresented his physical condition on his application.[2] Equitable filed this action seeking a declaratory judgment and rescission of the supplemental insurance plans. MacGill answered and counterclaimed for the unpaid benefits of the supplemental plans and alleged that under the Florida statutes he was entitled to reasonable attorney fees.[3]

A jury returned a verdict in favor of MacGill, and final judgment was entered for the unpaid benefits, interest, costs, and "attorney fees to be hereafter assessed". Motions filed by Equitable for a judgment notwithstanding the verdict and for a new trial were denied.

Prior to the assessment of any attorney fees, Equitable appealed from the judgment, contending (1) that there was insufficient evidence to support the jury's verdict, and (2) that the trial court erred in awarding MacGill attorney fees. This court entered a judgment affirming the district court and, in an unreported decision dated November 7, 1974, noted at 503 F.2d 1401, held that there was sufficient evidence to support the jury's finding that MacGill had not "materially misrepresented his physical condition on his insurance application form". With respect to the issue of attorney fees the court said:

"The other point raised relates to the court's award of attorney's fees to the insured. Appellant questions whether the correct law was properly applied by the lower court. The issue was never presented to the trial court. We refuse to reach it here."

Following affirmance of the judgment on appeal, MacGill filed a motion in the district court for an evidentiary hearing to determine the amount of attorney fees. No formal hearing was held on appellant's request, but both sides submitted affidavits. Equitable also filed objections to the award of attorney fees. In an order requesting a memorandum from MacGill, the district court said in part:

"Defendant-counterclaimant's response to this objection assumes that this issue was previously resolved in his favor, and therefore, no attempt is made to address the merits of the objection. The Court feels that this particular question has not been decided, and requests a memorandum directed to it from counsel for defendant-counterplaintiff."

In its memorandum in support of its objection to the award of any attorney fee, Equitable contended that the statute providing for attorney fees, Fla.Stat.Ann. § 627.428 (1972),[4] was made inapplicable to policies issued and delivered outside

---

1. Equitable takes the position that an award of $1.00 was de minimis and for all practical purposes no award at all.

2. The coverage consisted of a "basic" plan, a "supplemental" plan, and an "additional supplemental" plan. Equitable did not question coverage under the basic plan which did not require proof of insurability.

3. In its reply Equitable denied all allegations with respect to attorney fees.

4. Fla.Stat.Ann. § 627.428 (1972) reads:
 "627–428
 (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured

or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

 (3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."

Florida[5] by Fla.Stat.Ann. § 627.401 (1972).[6] In response MacGill contended that Equitable's objection was untimely and was precluded by its failure to raise the issue prior to the appeal which affirmed the original judgment. MacGill further argued that Equitable, in the joint pretrial stipulation, had stipulated to its liability for attorneys fees if MacGill was successful on its counterclaim. Finally, MacGill relied on Florida case law holding that attorney fees may be awarded even though the insurance policy was neither issued nor delivered in Florida.[7]

In an order entered June 19, 1975, the district court noted that Florida district courts of appeal were then split as to whether attorney fees might be awarded where the policy was issued and delivered outside of Florida, but predicted that the Supreme Court of Florida would ultimately hold that they were not allowable. With respect to MacGill's contention that Equitable had waived its right to object to the award of attorney fees, the court recognized that "the grounds upon which relief from a judgment can be granted are very limited. Rule 60(b), F.R.Civ.P." The court continued:

"It should be noted, however, that the judgment of the court entered on December 26, 1973 stated that counterclaimant shall recover 'the sum of $24,000, with interest thereon at the rate of 6% as provided by law, and his costs, past interest and attorney's fees, *to be hereafter assessed.* . . .' In light of the court's previously noted position on the propriety of attorney's fees in this case,

the court feels that only a nominal sum should be assessed against plaintiff/counterdefendant."

Subsequent to the order of the district court and the filing of briefs on this appeal, the Supreme Court of Florida, in *Pan-American Life Insurance Co. v. Diaz*, 322 So.2d 549 (Fla.1975), held that attorney fees are not allowable in a suit on an insurance policy issued and delivered outside of Florida.

## Contentions on Appeal

MacGill contends that the question of his entitlement to an award of attorney fees has been settled, both by Equitable's pretrial stipulation and by its failure to timely raise the issue prior to the first appeal. It is argued accordingly that the only issue remaining is the determination of the amount of a reasonable fee.

Relying on *Diaz*, Equitable contends that regardless of the procedural history of the case, this court "has no authority to award fees and thereby exercise jurisdiction which the Florida Legislature in its wisdom did not confer". Alternatively, Equitable contends that this court must decide the rights and liabilities of the parties on the law of the State of New York, which does not provide for an award of attorney fees.[8]

It is of course clear from the decision of the Supreme Court of Florida in *Diaz* that MacGill was not entitled to an award of attorney fees pursuant to Fla.Stat. § 627.-428. The sole question on this appeal is whether Equitable, by reason of (1) the

5. MacGill's group policy was issued by Equitable in New York and delivered outside the state of Florida.

6. Fla.Stat.Ann. § 627.401 (1972) provides in pertinent part:
 "627.401 *Scope of part II.*—No provision of part II of this chapter [which includes § 627.-428] shall apply as to:
 (2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as provided in § 627.410(6) (approval of forms for delivery in jurisdictions where local approval not provided for)."

7. There was a conflict in the decisions of the district courts of appeal as to whether an attor-

ney fee could be awarded where the policy was issued and delivered outside of Florida.

8. In pretrial proceedings, MacGill argued that the rights and liabilities of the parties were governed by New York law. Equitable argued that Florida law governed. The court decided that New York law applied.

 MacGill contended before the district court, in his memorandum subsequent to affirmance of the judgment, as he does here, that while New York law "applied to the substantive matters in dispute", the "court applied what the parties determined was the Florida law to the procedural matters of dispute, i. e., the award of attorney's fees".

stipulation of the parties, and (2) Equitable's failure to raise the issue prior to the first appeal, is now precluded from relying on *Diaz* in claiming that no fees may be awarded. A resolution of this question requires a careful analysis of the stipulation of the parties and procedures followed.

### Stipulations in Pretrial Order

MacGill relies upon the following provisions in the pretrial order:

"6. A CONCISE STATEMENT OF FACTS WHICH, THOUGH NOT ADMITTED, ARE NOT TO BE CONTESTED AT THE TRIAL

A. It is admitted that should the defendant-counterclaimant recover in this action to enforce the provisions of plaintiff-counterdefendant's insurance policy, he is entitled to recover from the plaintiff reasonable attorney's fees for this suit under Florida Statute 627.428."

"13. WHERE ATTORNEY'S FEES MAY BE AWARDED TO THE PREVAILING PARTY, AN ESTIMATE OF EACH PARTY AS TO THE MAXIMUM AMOUNT PROPERLY ALLOWABLE

As to attorney fees should defendant-counterclaimant prevail, plaintiff-counterdefendant EQUITABLE LIFE estimates that the maximum attorney's fees allowable should not exceed $50.00 per hour. Defendant-counterclaimant MacGill estimates maximum attorney's fees not to exceed $16,400.00."

Equitable, however, calls attention to another provision of the stipulation, which reads:

"9. A CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

A. Whether Florida Statutes, Sections 627.409 and 627.428, or any other Florida Law is applicable to this case."

Recognizing that this provision of the stipulation is not entirely consistent with the other provisions, MacGill contended in the district court that a reading of the stipulation "as a whole reveals that the inclusion of the words 'and 627.428' (the attorney's fees statute) was at most inadvertent and was not consistent with the language of the stipulation as a whole".

MacGill also contends that Equitable stipulated to its liability for attorney fees during the course of trial when the following colloquy took place:

"THE COURT: Can't we have a stipulation that if the plaintiff does not prevail on his Complaint that the counterclaim does not need to be submitted to the jury? And, of course, if the plaintiff does not prevail, that the issue of attorney's fees would remain open and resolved by the Court on motion subsequently?

"MR. HEINRICH: Exactly, Your Honor. I mean, we would so stipulate." [9]

### Reference to Attorney Fees in Pleadings and other Filings

As noted *supra*, the paragraph in MacGill's counterclaim alleging liability for attorney fees was denied in Equitable's reply. The only references to fees during subsequent proceedings and prior to the jury verdict were the stipulations and colloquy hereinabove quoted. The allowance of attorney fees was not mentioned in any of the pretrial briefs, which were concerned with the questions of whether Florida or New York law governed in the interpretation of the policy and the liability of Equitable under the laws of both states. On October 30, 1973, the district court entered a brief supplemental pretrial order holding that New York law was applicable. This order made no reference to attorney fees.

The jury returned its verdict in favor of MacGill on December 6, 1973. On December 19 MacGill submitted a form of judgment with a brief "memorandum and motion for entry of judgment". The memorandum and motion includes the following:

9. It may be noted, as discussed *infra*, that this does not manifest any clear stipulation of liability for attorneys fees but is more indicative of

Equitable's assent to leaving the "issue" of fees open for later resolution "by the Court on motion".

"6. That the defendant-counterclaimant MacGill is entitled to recover from the plaintiff-counterclaimant reasonable attorneys fees for the maintenance of his defense and counterclaim in accordance with the pretrial stipulation paragraph 6(a) and Florida Statute 627.428."

The judgment submitted by MacGill was signed and entered on December 26, 1973.[10]

On January 7, 1974, Equitable filed its motion for judgment notwithstanding the verdict and, alternatively, for a new trial. This motion did not raise the issue of attorney fees, nor was it mentioned in any of the briefs filed or the order denying the motion.

### Effect of Stipulation

It is by no means clear, as MacGill argues, that under the stipulation of the parties and the court's comments during trial, the issue of entitlement to attorney fees had been resolved. While the stipulation provided that if MacGill should prevail he would be entitled to attorney fees "under Florida Statute § 627.428", another provision set forth as an issue of law "for determination by the court" whether this statute was applicable.

MacGill's explanation of this provision in his final supplemental brief reads: "Paragraph 9A of the Joint Pre-Trial Stipulation filed in the trial court purports to question only whether the attorney fees statute applies to a Florida case on a New York group policy. When the balance of the Stipulation is considered, however, it is obvious that the argument was a technical one at

best, and that Equitable" had bound itself to the proposition that if it did not prevail, "MacGill would be entitled to a reasonable attorney fees based on his counterclaim". While, as MacGill argues, the argument may have been a technical one, the question has now been determined adversely to MacGill's position by the Florida Supreme Court.

Nor does the court's suggestion (and Equitable's acquiescence) "that the issue of attorney's fees . . . remain open and [be] resolved by the Court on motion subsequently" necessarily support MacGill's position. Rather it may be interpreted to imply that the issue of whether attorney fees should be awarded, and not simply the amount of the fees, would be determined later.[11]

In any case, it is well settled that a court is not bound to accept as controlling stipulations as to questions of law. *Swift & Co. v. Hocking Valley R. Co.*, 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722 (1917); *United States v. Waterman Steamship Corp.*, 397 F.2d 577, 579 (5 Cir. 1968). Since entitlement to attorneys fees is a question of law, see *Kessler v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 531 F.2d 248, 255 n. 30 (5 Cir. 1976), the parties' stipulation was not binding on the district court, if contrary to Florida law.

It is now clear that the stipulation was based upon a mistake of the applicable Florida law. This court held in a tax case, *Logan Lumber Co. v. Commissioner of Internal Revenue*, 365 F.2d 846 (5 Cir. 1966)[12]

---

10. A copy of the memorandum and motion and copy of form of judgment were mailed to counsel for Equitable on December 18. In his memorandum in the district court MacGill noted that Equitable did not file any objection or reply memorandum within five days pursuant to Rule 10C of the United States District Court for the Southern District of Florida.

11. Moreover, it appears from the order of the district court requiring MacGill to submit a memorandum on Equitable's objection to an award of fees, quoted *supra*, that the court felt that the question of whether an attorney fee should be awarded had not been decided. The subsequent order awarding a $1.00 fee makes no reference to the stipulation of the parties

but was concerned with Equitable's failure to raise the question at the time judgment was entered.

12. In *Logan Lumber Co.*, the taxpayer had stipulated that legal expenses incurred in a criminal prosecution arising out of the conduct of the taxpayer's business were not deductible, pursuant to a rule consistently followed by the Tax Court. Following argument of the appeal, the Supreme Court decided *Commissioner of Internal Revenue v. Tellier*, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185 (1966) which held that such legal fees were deductible business expenses. This court found that taxpayer's stipulation had been entered under a mistake of law.

that, "Where a stipulation is entered into under a mistake of law induced by the then existing state of the case law, a taxpayer is entitled to be relieved of the effect of that stipulation if no prejudice results". The court continued: "This Circuit has held that a party may be relieved of a stipulation 'to prevent manifest injustice' so long as 'suitable protective terms or conditions are imposed to prevent substantial and real harm to the adversary.' *Laird v. Air Carrier Engine Service*, 263 F.2d 948, at 953 (5 Cir. 1959); *Mitchell v. C. & P. Shoe Corp.*, 286 F.2d 109, at 114 (5 Cir. 1960)." 365 F.2d at 855.

Insofar as the stipulation is concerned, we are persuaded that in light of the decision in *Diaz*, Equitable should be relieved of any stipulation of liability for attorney fees. To ignore *Diaz* would sanction a stipulation in contravention of law and thereby impose a "manifest injustice" on Equitable. This holding would not result in "substantial and real harm" to MacGill. He simply claimed under the stipulation an award of fees to which it is now clear he was not entitled.

### Effect of Equitable's Failure to Raise Issue of Attorney Fees Prior to First Appeal

The effect of Equitable's failure to object to the form of judgment in the district court prior to the first appeal raises a more difficult question and one that is not easily resolved on the basis of prior decisions. Florida Statute § 627.428 provides that when attorney fees are awarded, they "shall be included in the judgment". Whether or not the issue of entitlement to attorney fees was determined in the judgment on which the first appeal was taken, the issue of the amount of the fees had not been resolved. Obviously further proceedings were required.

The district court treated Equitable's objection to the award of any attorney fee as a motion for relief from the judgment pursuant to Rule 60(b) and recognized that the grounds upon which relief "can be granted are very limited", citing *Gulf Coast Building and Supply Co. v. International Brotherhood of Electrical Workers*, 460 F.2d 105 (5 Cir. 1972). In that case a judgment including prejudgment interest was appealed and affirmed, but the issue of entitlement to interest was not raised either in the district court or on appeal. Following remand the district court entered an order reforming the judgment to allow interest only from the date of judgment. In reversing, this court held that under these circumstances the affirmance of the district court judgment was conclusive on the issue of prejudgment interest. It was held that the ground for relief set forth in Clause (b)(1)— "mistake, inadvertence, surprise and excusable neglect"—was not available because the motion had not been filed within one year from the entry of judgment, and that this clause could not be circumvented by relying on other clauses of Rule 60(b).

It is clear from *Gulf Coast* that if the amount of the attorney fee had been determined and included in the judgment in this case, the district court would have been precluded from modifying the judgment after remand. Here, however, the amount of the fee had not been determined or assessed. Noting this fact and anticipating that the Florida Supreme Court would hold that no attorney fees can be awarded when the policy of insurance is issued and delivered outside of Florida, the district court concluded that there was "no basis for the award of attorney's fees" and resolved the matter by awarding a nominal fee of $1.00.

■ *Diaz* having been decided during the pendency of this appeal, there is no longer any doubt that MacGill was not entitled to an award of attorney fees.[13] We cannot

---

13. In seeking an award of fees in this court for services in both the district court and this court, MacGill, in his supplemental brief, notes that the "provision for attorneys fees to which Equitable bound itself is statutory, that being Florida Statute § 627.428". MacGill then ar- gues that, "Since this is a case founded upon diversity of citizenship, it is the duty of this court to measure the judgment for attorneys fees against the requirements of that statute". Under that statute, as construed by the Florida

escape the conclusion that the judgment should be modified to delete the provision for "attorney fees to be hereafter assessed".

■ A party may be relieved from a final judgment under Rule 60(b)(5) "[if] it is no longer equitable that the judgment should have prospective application", and under Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment". In some cases the courts have relied upon both clauses in reforming a judgment. As stated in 7 Moore's Federal Practice ¶ 60.27[2], at 374, "the exact choice of a particular clause is difficult to make and need not be made where the motion is timely and the reason justifies relief".[14]

While clause (b)(5) has been applied most frequently in final judgments involving injunctions, "in any other situation when the judgment has prospective application relief may be given from its prospective features when subsequent events make it no longer equitable that the judgment have prospective application". Moore ¶ 60.26[4], at 337. See also *Bros Inc. v. W. E. Grace, Mfg. Co.,* 320 F.2d 594 (5 Cir. 1963), and cases cited in Annotation, 14 A.L.R. Fed. 309, 328–329, "which have a prospective application which becomes unequitable because of changed circumstances". While none of the cases cited in the Annotation or in Moore are precisely in point, we think the judgment here does have a prospective application with respect to the attorney fees to be determined and assessed later.

With respect to clause (b)(6), Moore states: "Like Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice." ¶ 60.27[1], at 342–343. This court has recognized that "Rule 60(b) is to be given a liberal construction" and a proceeding under the rule "calls for a delicate adjustment between the desirability of finality and the prevention of injustice". *In re Casco Chemical Co.,* 335 F.2d 645, 651 (5 Cir. 1964) and *Meadows v. Cohen,* 409 F.2d 750, 754 (5 Cir. 1969).

Whether relief is granted under clause (b)(5) or (b)(6), we conclude that under all of the circumstances, and particularly in view of the fact that the amount of fees has not been determined, the motion to deny any award of attorney fees is "timely and the reason justifies relief".

Remanded to the district court with instructions to delete from the judgment the provision for "attorney fees to be hereafter assessed".[15]

Supreme Court, MacGill is not now entitled to any fee.

**14.** While the judgment awarding attorney fees might be characterized as one entered under mistake or inadvertence, within the contemplation of clause (b)(1), we are reluctant to so rigidly classify the basis for relief by reason of the peculiar circumstances of this case, i. e., the fact that the assessment of attorney fees was left for future determination and the decisive decision on the Florida statute came after the order of the district court while the case was pending on this appeal. If clause (b)(1) were applicable, there would of course be a one year time limitation and relief under clause (b)(6) would be unavailable. See *Gulf Coast Building and Supply Co., supra.* As Moore states, however: "In many situations exact categorization is very difficult and, in the main, should be avoided except where the category is obvious or where exact choice is necessary to decision." ¶ 60.27[1], at 346–347.

**15.** It is true, of course, that Equitable did not take a cross-appeal from the award of a $1.00 fee. We agree with Equitable that in effect this was a denial of any fee, particularly in view of the district court's expressed conclusion that "there is no basis for the award of attorney's fees".