363 So.2d 133 (1978)
BLUE CROSS OF FLORIDA, INC., Petitioner,
v.
Robert L. TURNER, Respondent.
No. JJ-224.
District Court of Appeal of Florida, First District.
September 1, 1978.
Rehearing Denied October 31, 1978.
Edward P. Nickinson, III and Dennis K. Larry of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for petitioner.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, P.A., Pensacola, for respondent.
BOYER, Acting Chief Judge.
The issue presented by this petition for certiorari is whether attorney's fees can be recovered under § 627.428, Fla. Stat. (1975), by a Florida resident insured under a group life insurance contract where a certificate of insurance, but not the actual policy, has been delivered to the insured in this state. Blue Cross seeks review by certiorari of a circuit court order affirming a county court's award of attorney's fees to Respondent Turner, who had obtained a judgment for hospital benefits under a group disability insurance contract entered into by the U.S. Civil Service Commission and Blue Cross. The parties stipulated that Turner had paid his premiums in Florida and had received a brochure or certificate in Florida making specific references to the contract. They stipulated further that the contract was *134 administered by Blue Cross of Florida, Inc., and that a copy of the master contract entered into in Washington, D.C., had been provided to the Blue Cross office in Jacksonville for the purpose of administering the federal plan in this state.
Blue Cross claims that an award of attorney's fees was precluded by § 627.401(2) because that subsection limits the applicability of Part II of the Insurance Code, which includes § 627.428, to insurance contracts "issued for delivery or delivered in this state." The county court found that the policy of insurance was issued for delivery and delivered in Florida so that § 627.401(2) did not preclude an attorney's fees award. Blue Cross appealed that order to the circuit court, which found that delivery of the brochure or certificate to Turner was "equivalent to delivery of the policy itself" because the master policy was intended to cover Turner in Florida and "premiums were received and benefits paid with that in mind."
Blue Cross contends in its petition here that Turner is entitled to an attorney's fee award only if the certificate delivered to him constitutes a "policy" within the meaning of § 627.402. That section provides:
"627.402 Policy defined.
(1) `Policy" means written contract of or written agreement for or effecting insurance, or the certificate thereof, by whatever name called, and includes all causes, riders, endorsements and papers which are a part thereof.
(2) The word `certificate' as used in this section does not include certificates as to group life or disability insurance or as to group annuities issued to individual insureds."
Blue Cross argues that since the insurance contract Turner sued upon was a group disability insurance policy within the meaning of § 627.402(2), no policy or contract, or certificate which constitutes a policy, was delivered or issued for delivery to respondent in this state. Thus, Blue Cross urges, the circuit court's conclusion that delivery in Florida of the certificate or brochure was equivalent to delivery of the policy was erroneous, and consequently § 627.428, allowing attorney's fees did not apply to this case under § 627.401(2)
Turner makes two responses to Blue Cross' argument. Citing the definition of "policy" contained in § 627.402(1), he first contends that the brochure delivered by Blue Cross here was a policy or at the very least one of the "papers which are a part thereof" included in the definition in § 627.402(1). That argument is without merit.
His second argument is more persuasive. He contends that the contract in question here was in fact "delivered or issued for delivery in the state" since the master contract was delivered from Washington, D.C., to Jacksonville for the purpose of administering the plan locally. He notes that § 627.401(2) does not require that the policy or contract be delivered to the insured in this state, but merely that it be delivered in this state. Therefore he contends that § 627.401(2) does not restrict the applicability of the attorney's fee statute in this case.
The Florida Supreme Court construed § 627.401(2) in Pan-American Life Insurance Company v. Diaz, 322 So.2d 549 (Fla. 1975). In Diaz, a Louisiana life insurance company issued an individual policy through its New Orleans office and delivered that policy to the insured who was then a citizen and resident of Cuba. Diaz later moved to Miami where his claim on the policy was made. The Supreme Court held there that the attorney's fees provision of § 627.428 were not applicable to the suit since the policy involved there was neither issued for delivery nor delivered in this state. The circuit court found Diaz distinguishable from Turner's case because Turner had been a Florida resident at the time he received his insurance, had paid his premiums in Florida, and had received a brochure in Florida. Blue Cross argues that that distinction is insignificant because if the Legislature had intended the residence of the insured to be a factor in determining the applicability of the attorney's fee statute, it could have done so explicitly.
*135 After a thorough review of the statutes involved here and the cases cited by the parties, we agree with the circuit court that attorney's fees were appropriate here. We find that the delivery of the master policy to the Jacksonville Blue Cross office was sufficient to satisfy the requirement in § 627.401(2) that the policy be "issued for delivery or delivered in this state." That conclusion is buttressed by the fact that Turner, unlike the insured in Diaz, was a Florida resident who received his insurance through a Florida employer, paid his premiums in Florida, received his certificate in Florida, and had his insurance administered by a Florida corporation. The circuit court's order did not constitute a departure from the essential requirements of law.
The Petition for Writ of Certiorari is denied.
SMITH and BOOTH, JJ., concur.