409 So.2d 235 (1982)
John C. ALBURY, Appellant,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellee.
No. AB-231.
District Court of Appeal of Florida, First District.
February 9, 1982.
*236 John L. Myrick, Myrick & McKenzie, Pensacola, for appellant.
G. Edison Holland, Jr., Beggs & Lane, Pensacola, for appellee.
PER CURIAM.
Albury, a Florida resident, appeals a final summary judgment denying his request for an award of attorney's fees incident to his action against appellee, Equitable Life Assurance Society. We affirm.
In Blue Cross of Florida, Inc. v. Turner, 363 So.2d 133 (Fla. 1st DCA 1978), this court specifically rejected an insured's contention that delivery of a brochure or booklet constituted delivery of a policy in Florida so as to entitle him to attorney's fees under Section 627.428(1). Further, it is evident under Section 627.402(2) that delivery of a certificate is also insufficient where a group policy is involved. See Aetna Life Insurance Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978). We find no merit in appellant's argument that delivery of the certificate and a policy booklet explaining the insurance coverage constituted delivery of a policy in Florida. Here, the master policy is indisputably in Missouri, and has never been delivered in Florida. Furthermore, contrary to appellant's assertion, Equitable's selling agent was aware that the booklet he delivered to appellant was only an explanation of the Missouri policy, not the policy itself. The trial court correctly determined that there was no genuine issue of material fact to be resolved, and that appellee was entitled to judgment as a matter of law.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WIGGINTON, JJ., concur.