415 So.2d 1323 (1982)
EAST COAST INSURANCE COMPANY, Appellant,
v.
George F. COOPER and Ruth I. Cooper, Etc., et al., Appellees.
Nos. 81-25, 81-26 and 81-264.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied July 21, 1982.
*1324 Pyszka & Kessler, Greene & Cooper and Robyn Greene, Miami, for appellant.
Beckham & McAliley, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
In consolidated appeals, East Coast Insurance Company challenges the award to the Coopers of attorney's fees; the amount of the award is not disputed. We affirm.
Mr. and Mrs. Cooper sued and recovered damages of $300,000 from IBI Security Service of Florida, Inc. (IBI-FLA) for personal injuries sustained when Cooper was shot. Cooper's employer had entered into a contract with IBI-FLA, a Florida corporation, which required IBI-FLA to furnish security guards. The guards were not present on the day of the shooting. The Coopers sued both IBI-FLA and its insurer, Hartford Accident and Indemnity Company. Hartford paid $100,000 of the judgment. IBI-FLA, unable to satisfy the remainder, assigned its rights to the Coopers, enabling them to recover excess insurance from East Coast.
Pursuant to the assignment from IBI-FLA, the Coopers sued East Coast, alleging that East Coast was liable to IBI-FLA for excess coverage under a policy issued to IBI Security Service, Inc. (IBI-NY) in which it had failed to name IBI-FLA as an additional insured. The jury agreed that the East Coast policy insured IBI-FLA.
The Coopers had requested attorney's fees pursuant to section 627.428, Florida Statutes (1977), and, at the conclusion of the trial, the court entered judgment[1] of $200,000 for the Coopers "with their costs and attorneys [sic] fees to be assessed at a later date... ." Subsequently, the court awarded the attorney's fees which are the subject of these appeals.[2]
The final judgment reserving the court's jurisdiction to assess attorney's fees at a later date fulfills the statutory requirement that fees be included in the judgment or decree rendered in the case. § 627.428(3), Fla. Stat. (1977).
Section 627.428(1), Florida Statutes (1977) permits an award of attorney's fees:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
*1325 American National Insurance Co. v. DeCardenas, 181 So.2d 359 (Fla. 3d DCA 1965); see American Home Assurance Co. v. Keller Industries, 347 So.2d 767 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla. 1978), cert. dismissed, 367 So.2d 1124 (Fla. 1979).
In order to qualify for attorney's fees, however, the Coopers were required not only to have obtained a judgment in their favor but also, under section 627.401(2), Florida Statutes (1977) to hold a policy or contract issued for delivery or delivered in Florida.[3] Section 427.421(1), Florida Statutes (1977) requires that a policy be furnished to an insured. Implicit in the jury determination that East Coast provided coverage was a finding that the policy had been issued for delivery in Florida. IBI-FLA's principal place of business is located in Miami. The fact that the policy was actually delivered in New York is not significant to our determination that it was "issued for delivery" to a Florida resident. Based upon our finding that the policy should have been issued for delivery in Florida, we hold that the Coopers qualified to obtain attorney's fees.
We reject the argument that East Coast waived its right to contest the Coopers' entitlement to attorney's fees by its failure to file a motion to strike the prayer for attorney's fees contained in the complaint. In its answer, East Coast denied the Coopers' allegations. The relief prayed for in the complaint could not be granted unless the Coopers proved the allegations upon which their prayer for attorney's fees was based. East Coast's denial of the allegations was therefore sufficient to preserve the issue of entitlement to attorney's fees. A contrary holding would encourage litigants to answer every prayer for relief with a motion to strike, an act we deem an unnecessary predicate to consideration by the trial court. Furthermore, we perceive no applicable ground upon which a motion to strike might have been based. See Fla. R.Civ.P. 1.140(f) and Fla.R.Civ.P. 1.150. Despite the trial court's error in finding a waiver by East Coast, we need not return the matter for further consideration because we hold, that as a matter of law, the Coopers established that they were entitled to attorney's fees.
In addition to our finding that the policy was "issued for delivery" in Florida, we hold that delivery occurred in Florida. Our decision is supported by a plain reading of section 627.402, Florida Statutes (1977) which defines "policy":
(1) `Policy' means written contract of or written agreement for or effecting insurance, or the certificate thereof, by whatever name called, and includes all clauses, riders, endorsements and papers which are a part thereof.
(2) The word `certificate' as used in this section does not include certificates as to group life or disability insurance or as to group annuities issued to individual insureds.
The legislature has indicated that a policy includes its certificate unless issued in group life disability insurance or group annuities to individual insureds. The certificates of insurance, which were sent to Florida, constituted delivery of the policy in Florida. Neither Blue Cross of Florida v. Turner, 363 So.2d 133 (Fla. 1st DCA 1978) nor Albury v. The Equitable Life Assurance Society of the United States, 409 So.2d 235 (Fla. 1st DCA 1982) contradicts our view because both cases pertain to group insurance specifically excluded from the statutory definition. We reject the decision of Robert McMullan & Son, Inc. v. United States Fidelity & Guaranty Co., 103 Cal. App.3d 198, 162 Cal. Rptr. 720 (Cal.Ct.App. 1980), which we believe ignores the clear language of the statute.
Based upon our holding that the Coopers' policy was issued for delivery in Florida and that the certificates were in fact delivered *1326 in Florida, we affirm the trial court's award of attorney's fees.
Affirmed.
NOTES
[1] Affirmed, East Coast Insurance Co. v. Cooper, 405 So.2d 1010 (Fla. 3d DCA 1981).
[2] The orders appealed are: Order on Attorney's Fees, Order on Motion to Correct and Clarify Judgment, and Final Judgment of Reasonable Attorneys' Fees.
[3] Section 627.401 states in pertinent part:

No provision of part II of this chapter shall apply as to:
....
(2) Policies or contracts not issued for delivery in this state nor delivered in this state, ...