WARNER, J.
Appellant, insured under a group health policy issued by appellee American National Life Insurance Company of Texas (“AN-TEX”), challenges a trial court order denying attorney’s fees in his successful suit against ANTEX for insurance coverage. The trial court determined that because the group health policy was delivered out *262 of state, attorney’s fees were not recoverable. We agree and affirm.
The appellant purchased group health insurance through ANTEX. The group policy was delivered to National Business Association, Incorporated Trust, located in Mississippi. Appellant received a certificate of insurance attached to which were several amendatory endorsements required by Florida law. See § 627.6515, Fla. Stat. (1999). These were delivered to him in Florida. After ANTEX denied coverage for medical expenses and appellant successfully sued ANTEX for insurance coverage, he moved for attorney’s fees under section 627.428(1), Florida Statutes (1999), which provides for payment of attorney’s fees to the insured when the insured obtains a favorable judgment against its insurer. ANTEX objected, claiming that it was not obligated to pay attorney’s fees. It relied on section 627.401(2), Florida Statutes (1999), which provides that no provision of this part of this chapter applies to “[p]olicies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.” Section 627.402 provides the following definitions:
(1) “Policy” means a written contract of insurance or written agreement for or effecting insurance, or the certificate thereof, by whatever name called, and includes all clauses, riders, endorsements, and papers which are a part thereof.
(2) The word “certificate” as used in this section does not include certificates as to group life or health insurance or as to group annuities issued to individual insureds.
§ 627.402(1) & (2), Fla. Stat. (1999). Therefore, because only the certificate was delivered in this state, the master policy was an out-of-state policy and not subject to section 627.428.
Appellant argued that because the amendatory endorsement was delivered in this state, the entire policy should be considered as being delivered in Florida, making it subject to section 627.428. While there is no case law on point, we conclude that the endorsement attached to the certificate was part of the certificate, putting the appellant on notice of a few specific policy provisions and was not the equivalent of delivery of the full policy in Florida. In a similar situation, in Albury v. Equitable Life Assurance Society of the United States, 409 So.2d 235, 236 (Fla. 1st DCA 1982), the court held that an insured was not entitled to fees under section 627.428 where a certificate and policy booklet explaining coverage were delivered to the insured in Florida but the master policy was delivered in Missouri.
Affirmed.
MAY, J., and ARAMONY, SUSAN, Associate Judge, concur.