TAMPA SOUTHERN RAILROAD COMPANY, A CORPORATION, *Appellant,* v. JESSIE J. NETTLES, *Appellee.*

Opinion filed June 15, 1921.

Petition for rehearing denied July 22, 1921.

The allegations of the bill of complaint and the exhibits made a part thereof, showing the present construction of a railroad bridge over a navigable stream some distance from the complainant's riparian holdings, do not justify an injunction to preserve the common law riparian rights of the complainant.

An Appeal from the Circuit Court for Manatee County; O. K. Reaves, Judge.

Reversed.

*W. A. Carter,* for Appellant;

*E. Bradley* and *W. T. Harrison,* for Appellee.

WHITFIELD, J.—In a bill of complaint against the railroad company it is alleged that the complainant is the owner in fee simple of described lots of land in the Town

of Palmetto, Florida, "together with a reserve in front of said lots bordering on the Manatee River and extending to low water mark, together with riparian rights * claiming title by virtue of * mesne conveyances of the United States * the original patent * being dated May 1st, 1855;" that the railroad company is constructing its railroad upon the submerged lands in front of the complainant's land so as "to interfere with her right of ingress and egress to and from the lots over the waters of the Manatee River * and also obstructs the view over the said waters and likewise the right of navigating, bathing and fishing in said waters." Attached exhibits are expressly made a part of the bill of complaint. An injunction was prayed for. The defendant appealed from an order overruling a demurrer to the bill of complaint.

Although the complainant alleges that her title extends "to low water mark," it is alleged that the title was deraigned through a patent from the United States in 1855, after Florida became a State, and such a title is by law limited to high water mark, therefore, the Riparian Act of 1856, was not applicable. Thiesen v. Gulf, F. & A. R. Co., 75 Fla. 28, 78 South. Rep. 491. The exhibits made a part of the bill of complaint show that the common law rights of a riparian owner to ingress and egress, navigation, fishing, bathing and view in and over the waters are not so unlawfully invaded by the defendant company as to justify an injunction. The railroad structure does not touch the lands of the complainant, but is some distance away, and apparently the structure does not impair complainant's right to reach from the shore and to use the waters of the river for any lawful purpose; and the right of view is apparently not so obstructed as to warrant an injunction to restrain the lawful erection of an authorized public utility across the navigable river.

The showing here made does not justify an injunction to preserve the common law riparian rights referred to in the Theisen case *supra.* See Sullivan v. Moreno, 19 Fla. 200.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.