■GRIMES, Judge.
This is an appeal from an order dismissing a third amended complaint with prejudice.
The appellants allege that Opal Sheppard suffered personal injuries when a Coca-Cola bottle fell from a carton she was handling and exploded when it hit the floor. Mrs. Sheppard was working for Nobleton Grocery Store when an employee of the appellee bottling company was making a delivery of Cokes. According to the complaint, Mrs. Sheppard removed two six-pack cartons from a dolly on which the man from the bottling company was transporting them. The appellee was charged with negligently failing to inspect the carton so as to determine that the bottom was wet and soggy and of insufficient strength to support the weight of the bottle.
The third amended complaint was apparently dismissed on the premise that Mrs. Sheppard interfered with the ap-pellee’s delivery process. Certainly, the complaint is susceptible of this interpretation. If these are the facts, the order of dismissal is correct because the appellee should not be held responsible for the condition of the carton until such time as the appellee intended to surrender possession of it. However, the complaint is susceptible of other interpretations. It could be inferred that the injury occurred after the delivery of Cokes was completed. The complaint may also support the inference that Mrs. Sheppard was assisting in the unloading of the cartons pursuant to custom or the request of appellee’s employee. A motion to dismiss a complaint for failure to state a cause of action does not reach defects of vague and ambiguous pleading. Fontainebleau Hotel Corp. v. Walters, Fla.1971, 246 So.2d 563.
'On balance, we think the third amended complaint sufficiently stated a cause of action for negligence. When the facts are more fully developed, the appelleq may be entitled to summary judgment or a directed verdict, but at this point the appellants should be permitted to stay in court on their count in negligence. Their second count predicated upon a theory of implied *585 warranty was insufficient as a matter of law.
Reversed.
McNULTY, C. J., and HOBSON, J., concur.