425 U.S. 791 (1975)
UNITED STATES
v.
FLORIDA.
No. 52, Orig.
Supreme Court of United States.
Decided March 17, 1975.
Decree entered May 24, 1976.
ON JOINT MOTION FOR ENTRY OF A DECREE.

DECREE
The joint motion for entry of a decree is granted.
For the purpose of giving effect to the decision and opinion of this Court announced in this case on March 17, 1975, 420 U. S. 531, and to the Supplemental Report of the Special Master filed January 26, 1976, it is ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
1. As against the State of Florida, the United States is entitled to all the lands, minerals, and other natural resources underlying the Atlantic Ocean more than 3 geographic miles seaward from the coastline of that State and extending seaward to the edge of the Continental Shelf, and the State of Florida is not entitled to any interest in such lands, minerals, and resources. As used in this decree, the term "coastline" means the line of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters, as determined under the Convention on the Territorial Sea and the Contiguous Zone, 15 U. S. T. (Pt. 2) 1606.
2. As against the United States, the State of Florida is entitled to all the lands, minerals, and other natural resources underlying the Atlantic Ocean extending seaward from its coastline for a distance of 3 geographic miles, and the United States is not entitled, as against *792 the State of Florida, to any interest in such lands, minerals, or resources, with the exceptions provided by Section 5 of the Submerged Lands Act, 43 U. S. C. § 1313.
3. As against the State of Florida, the United States is entitled to all the lands, minerals and other natural resources underlying the Gulf of Mexico more than 3 marine leagues from the coastline of that State; the State of Florida is not entitled to any interest in such lands, minerals, and resources. Where the historic coastline of the State of Florida is landward of its coastline, the United States is additionally entitled, as against the State of Florida, to all the lands, minerals, and other natural resources underlying the Gulf of Mexico more than 3 marine leagues from the State's historic coastline (but not less than 3 geographic miles from its coastline), and the State of Florida is not entitled to any interest in such lands, minerals, and resources. As used in this decree, the term "historic coastline" refers to the coastline as it existed in 1868, as to be determined by the parties.
4. As against the United States, the State of Florida is entitled to all the lands, minerals, and other natural resources underlying the Gulf of Mexico extending seaward for a distance of 3 marine leagues from its coastline or its historic coastline, whichever is landward, but for not less than 3 geographic miles from its coastline; the United States is not entitled, as against the State of Florida, to any interest in such lands, minerals, or resources, with the exceptions provided by Section 5 of the Submerged Lands Act, 43 U. S. C. § 1313.
5. For the purpose of this decree, the Gulf of Mexico lies to the north and west, and the Atlantic Ocean to the south and east, of a line that begins at a point on the northern coast of the island of Cuba in 83° west longitude, and extends thence to the northward along that meridian of longitude to 24°35′ north latitude, thence eastward along that parallel of latitude through Rebecca *793 Shoal and the Quicksands Shoal to the Marquesas Keys, and thence through the Florida Keys to the mainland at the eastern end of Florida Bay, the line so running that the narrow waters within the Dry Tortugas Islands, the Marquesas Keys, and the Florida Keys, and between the Florida Keys and the mainland, are within the Gulf of Mexico.
6. There is no historic bay on the coast of the State of Florida. There are no inland waters within Florida Bay, or within the Dry Tortugas Islands, the Marquesas Keys, and the lower Florida Keys (from Money Key to Key West), the closing lines of which affect the right of either the United States or the State of Florida under this decree.
7. Jurisdiction is reserved by this Court to entertain such further proceedings, enter such orders and issue such writs as may from time to time be deemed necessary or advisable to give proper force and effect to this decree.