360 So.2d 1153 (1978)
Dorothy W. WOOLZY and David Woolzy, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, ETC., Appellee.
No. 77-2224.
District Court of Appeal of Florida, Third District.
July 25, 1978.
*1154 Nelson & Nelson, Hialeah, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and R. Benjamin Reid, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
KEHOE, Judge.
Appellants, third party plaintiffs below, bring this appeal from an order dated September 28, 1977, entered by the trial court dismissing with prejudice their third party complaint against appellee, third party defendant below.
Appellants brought an action for a declaratory judgment seeking an adjudication of their rights relating to appellee's failure to renew a policy of insurance. Thereafter, appellee filed a motion to dismiss which the trial court granted with prejudice. From the trial court's order granting appellee's motion, appellants appeal.
Appellants contend that the trial court erred (1) by considering extraneous documents attached to appellee's motion to dismiss, and (2) by dismissing their third party complaint with prejudice.
Our review of the record shows that the trial court did not consider any "extraneous documents" in ruling on appellee's motion to dismiss. The trial court did consider certain documents which appellants incorporated into their third party complaint, but pursuant to Florida Rule of Civil Procedure 1.130(b), these documents were properly considered by the trial court as a part of the pleadings.
Further, appellants argue that the trial court improperly made determinations of fact in its ruling. The record shows that the trial court merely interpreted the applicable statute [Section 627.728(12), Florida Statutes (1975)] in conjunction with the facts pleaded. The trial court, in effect, ruled that, even assuming the facts alleged to be true, the statute upon which appellants sued afforded them no relief. This is the appropriate test under Florida Rule of Civil Procedure 1.140(b)(6).
Appellants sought relief below pursuant to Section 627.728(12), Florida Statutes (1975). This Section provides certain guidelines for cancellations and nonrenewals; however, subsection (12) relates solely to cancellations. The pleadings in this case show that the policy in question was not renewed (as distinguished from being cancelled); accordingly, the trial court ruled that the facts alleged by appellants did not warrant relief under that portion of the statute, i.e., Section 627.728(12), dealing with cancellations. Such a finding went to the statutory basis for the cause of action which appellants attempted to assert. In this posture, we feel that a question of law was presented to the trial court which it properly resolved adverse to appellants. See Fla.R.Civ.P. 1.140(b)(6).
*1155 Appellants second point on appeal attacks the trial court's dismissal of its action with prejudice. Under the circumstances of this case, we believe that the trial court should have granted appellee's motion to dismiss, but without prejudice.
Accordingly, the order appealed is affirmed, except it is reversed to the extent that it dismissed appellants' third party complaint with prejudice.
Affirmed in part, reversed in part.