397 So.2d 1155 (1981)
Katherine W. FELLER, Appellant,
v.
EAU GALLIE YACHT BASIN, INC., and E.J. "Bud" Threadgill, Appellees.
No. 79-317.
District Court of Appeal of Florida, Fifth District.
April 1, 1981.
*1156 William E. Weller of Rose & Weller, Cocoa Beach, for appellant.
Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellees.
COWART, Judge.
Within her seven page, four exhibit, complaint seeking an injunction and other equitable relief, the plaintiff alleges that she owns real property fronting on the waters of Eau Gallie River and riparian rights and that the defendant is maintaining boat docks which encroach upon, and deprive the plaintiff of, riparian rights including her right to ingress and egress[1] and of an unobstructed view.[2]
From the dismissal of her complaint, plaintiff appeals. Appellees cite section 197.228, Florida Statutes (1979), which states in part that riparian rights are those incident to land bordering upon navigable waters and that the land to which the owner holds title must extend to the ordinary high water mark of the navigable water in order that riparian rights may attach. Appellees then argue that the complaint does not allege that plaintiff's uplands extend to the ordinary high water mark or that the Eau Gallie River is navigable.
*1157 Riparian rights exist in Florida as a matter of constitutional rights and property law and are not dependent on the statute cited which merely attempts to define them for tax purposes. However, in this instance, the tax statute definition is accurate and appellees are correct that it contains the short and plain statements of ultimate facts[3] more properly pleaded than the conclusory allegation that she owns "riparian rights."
As a matter of good pleading the complaint misses the target twice, hitting too high by alleging "riparian rights," which is a conclusion of law, and also hitting too low by alleging evidentiary facts. The legal description of plaintiff's lands, in Paragraph 4 of the second amended complaint and in her deed attached as Exhibit "A", refers to the "ordinary high water mark" of the waters of Eau Gallie River and describes the lands as running to the center of the stream and purports to convey all riparian rights. As the deed itself is not a chose in action upon which the action is brought, it is not required by rule[4] to be attached to the complaint. While "unnecessarily" attached as an exhibit, it has not been stricken and it constitutes material and relevant evidence as to proof of ownership. Such exhibits are properly considered a part of the complaint for all purposes,[5] including motions to dismiss.[6] A proper allegation that plaintiff owns lands extending to the ordinary high water mark of Eau Gallie River and that Eau Gallie River is a navigable stream would permit defendants to more readily answer and to admit or deny one or some but not all of the several ultimate facts that in combination make up the conclusion that plaintiff has riparian rights. Nevertheless the allegation of riparian rights includes by definition the pertinent ultimate facts and, if good faith requires the defendant to admit the fact of ownership but to deny the fact of navigability, or vice versa, this can be done intelligently and without great inconvenience as provided in Florida Rule of Civil Procedure 1.110(c). The complaint also contains numerous references to boats and boat docks which is evidence of navigability. See Broward v. Mabry, 58 Fla. 398, 50 So. 826 (1909); Bucki v. Cone, 25 Fla. 1, 6 So. 160 (1889); Lopez v. Smith, 145 So.2d 509 (Fla. 2d DCA 1962).
Where a complaint states, in substance, a cause of action by way of allegations of conclusions or evidentiary facts but fails to do so by short and plain statements of the ultimate facts, the complaint should not be dismissed under Florida Rule of Civil Procedure 1.140(b)(6) for failure to state a cause of action[7] although it may be subject to a motion to require compliance with Florida Rule of Civil Procedure 1.110(b)(2) as to the form and style of the allegations or a motion for a more definite statement under Florida Rule of Civil Procedure 1.140(e).
Accordingly, the final judgment dismissing the third amended complaint is
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Hayes v. Bowman, 91 So.2d 795 (Fla. 1957); Tampa So. R.R. v. Nettles, 82 Fla. 2, 89 So. 223 (1921); Thiesen v. Gulf, F. & A. Ry., 75 Fla. 28, 78, 78 So. 491, 507 (1918); Ferry Pass Inspectors' & Shippers' Ass'n v. Whites River Inspectors' & Shippers' Ass'n, 57 Fla. 399, 48 So. 643 (1909). See also 1 Farnham, Waters & Water Rights § 66 (1904); Annot., 15 A.L.R.2d 318 (1951) (cases on preliminary mandatory injunctions to protect riparian rights). But see Duval Eng'r & Contracting Co. v. Sales, 77 So.2d 431 (Fla. 1954).
[2] See Duval Eng'r & Contracting Co. v. Sales, 77 So.2d 431 (Fla. 1954); Deering v. Martin, 95 Fla. 224, 116 So. 54 (1928); Tampa So. R.R. v. Nettles, 82 Fla. 2, 89 So. 223 (1921); Thiesen v. Gulf, F. & A. Ry., 75 Fla. 28, 78 So. 491 (1918); Eustis v. Firster, 113 So.2d 260 (Fla.2d DCA 1959). See also Weir v. Palm Beach County, 85 So.2d 865 (Fla. 1956).
[3] Fla.R.Civ.P. 1.110(b)(2).
[4] Fla.R.Civ.P. 1.130(a).
[5] Fla.R.Civ.P. 1.130(b).
[6] Woolzy v. Government Emp. Ins. Co., 360 So.2d 1153 (Fla. 3d DCA 1978); Harry Pepper & Assoc. Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971).
[7] See Sheppard v. Inverness Coca-Cola Bottling Co., 322 So.2d 583 (Fla. 2d DCA 1975); Cohn v. Florida-Georgia Television Co., Inc., 218 So.2d 787 (Fla. 1st DCA 1969); Oster v. Krause, 168 So.2d 558 (Fla. 3d DCA 1964).