**ANDERSON SEAFOODS, INC., a Florida corporation, Plaintiff,**

v.

**Bob GRAHAM, etc., et al., Defendants.**

**No. MCA 81–270.**

United States District Court,
N. D. Florida,
Panama City Division.

Jan. 8, 1982.

Mark J. Proctor, Pensacola, Fla., for plaintiff.

Kevin X. Crowley, Henry Dean, Dept. of Natural Resources, Tallahassee, Fla., for defendants.

513

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

HIGBY, District Judge.

The State of Florida prohibits taking food fish "within or without the waters of" the state with a purse seine and possessing food fish taken with a purse seine. § 370.-08(3), Fla.Stat. (1979). Violating the prohibition is a first degree misdemeanor. *Id.* Fish gathered by purse seines and equipment used, including the seines and vessels used, may be seized upon a violator's arrest and forfeited to the state upon conviction. § 370.061, Fla.Stat. (1979). Anderson Seafoods, Inc., seeks a preliminary injunction forbidding Florida from enforcing section 370.08(3) in United States Fishery Conservation zone. It argues regulation of all fishing in the zone has been preempted by federal legislation and Florida consequently does not have authority to prohibit the use of purse seines in the zone.

Preliminary injunctions are not granted unless necessary to protect a party from irreparable injury and to preserve the court's power to make a meaningful decision on the merits. *Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). As always the hoary four prerequisites must be considered. They are:

(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 at 572 (5th Cir. 1974).

The likelihood the plaintiff will prevail on the merits of its preemption claim is not substantial. Federal law on a subject is superior to all state law on the subject if Congress expressed its intent to establish such superiority. *See, McCulloch v. Maryland,* 17 U.S. (4 Wheat) 316, 4 L.Ed.

579 (1819). Congressional authority to legislate in an area is the first question to address in a preemption analysis. *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Congress's authority to regulate offshore fishing is unquestioned here. Preemption may be express or implied from a pervasive congressional scheme of regulation, a dominant federal interest in the subject matter, or a purpose of the congressional regulation which requires unitary regulation. *Maryland v. Louisiana*, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981). *See, also, Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *Florida Avocado Growers v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). *Northern States Power Company v. Minnesota*, 447 F.2d 1143 at 1146, 1147 (8th Cir. 1971), *aff'd mem.*, 405 U.S. 1035, 92 S.Ct. 1307, 31 L.Ed.2d 576 (1972).

■ Congress expressed its intent to preempt regulation of fishing in the country's coastal waters. By statute it created a fishery conservation zone.

> The inner boundary of the fishery conservation zone is a line coterminous with the seaward boundary of each of the coastal States, and the outer boundary of such zone is a line drawn in such a manner that each point on it is 200 nautical miles from the baseline from which the territorial sea is measured.

16 U.S.C. § 1811. Florida's seaward boundary is defined by the line three miles seaward from its coastline. *United States v. Florida*, 425 U.S. 791, 96 S.Ct. 1840, 48 L.Ed.2d 388 (1976). Congress established this zone in a series of statutes enacted to conserve and manage the harvesting of a valuable national resource, saltwater fish. 16 U.S.C. § 1801, et seq.

The statute indicates congressional intent to preempt regulation of a subject. "The United States shall exercise exclusive fishery management authority, in the manner provided for in this chapter, over ... (1) All fish within the fishery conservation zone. [and other specified fish species and fishery resources beyond the zone]." 16 U.S.C. § 1812.

■ Section 1801 also states a strong federal interest in fish management and that fish management requires unitary regulation. Congress, however, while prohibiting states from regulating fishing outside their boundaries, also provided for state regulation of fishing in the fishery conservation zone. "No State may directly or indirectly regulate any fishing which is engaged in by any fishing vessel outside its boundaries, *unless such vessel is registered under the laws of such State.*" 16 U.S.C. § 1856(a) (emphasis supplied). Anderson's vessels are registered under the laws of Florida.

■ Congress's reservation of state authority to regulate fishing indicates it did not intend complete preemption. *See, People v. Weeren*, 26 Cal.3d 654, 163 Cal.Rptr. 255, 607 P.2d 1279 (Cal.1980), *cert. denied*, 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980). This conclusion is buttressed by the fact that Florida's laws regulating fishing outside its boundaries have been on the books since 1953. Congress must be presumed to have been aware of existing state regulation. Yet its law contemplates continued state regulation rather than completely forbidding it.

■ *Tingley v. Allen*, 397 So.2d 1166 (Fla. 3d D.C.A. 1981), holds federal law has preempted state regulation of fishing in the fishery conservation zone. Its decision is based upon an interpretation of Title 16, United States Code, Section 1856(a), not upon Florida law. I simply do not agree with that court's decision, and since the question is one of federal law not state, I am not bound by it.

There is not a substantial likelihood Anderson's will prevail upon the merits. It has, however, proven the remaining three prerequisites to obtaining a preliminary injunction.

The second prerequisite, substantial threat of irreparable injury to the plaintiff if an injunction is not granted, exists. Anderson's is a seafood sales business. Anderson's has been using purse seines to catch mullet since June, 1981, and wants to con-

tinue. Its conversion of three boats to purse seines was a substantial investment. Purse seines are the most efficient way to catch mullet offshore. Letting its purse seine boats and its processing equipment sit idle substantially reduces Anderson's income while they continue to cause it to incur costs of doing business. Idleness the remaining weeks of January will cause a $180,000.00 loss.

Fishing off the Hillsborough County coast, in the fishery conservation zone, Anderson's employees were told by a Marine Patrol Officer the Patrol would enforce section 370.08(3) and seize fish taken in violation of it as well as the equipment used to take them. Anderson's problem is immediate because it is trying to harvest a peculiar delicacy, mullet roe. Roe is available only during a certain time during the mullet spawning season. It will not be available after approximately the third week of this month. Thus Anderson's faces the irreparable harm of being prohibited from gathering a fish product available for only a short limited time and quite important to its seafood sales business.

A preliminary injunction's third prerequisite has been established. The threatened injury to Anderson's outweighs the possible harm to Florida. Florida has a legitimate interest in protecting mullet, which spend their lives in Florida's territorial waters. But Anderson's three boats are not going to decimate the mullet population. A significant part of Anderson's business will be injured. Florida will also suffer the always significant impairment of its right to enforce its law. This is certainly a serious harm to a sovereign but equaled by the immediate injury to Anderson.

The observations made about the third prerequisite apply equally to the fourth. In this case the public's interest in denying the preliminary injunction and the defendants' are the same.

For the reasons set forth in this order Anderson's motion for preliminary injunction is denied.