## STATE OF FLORIDA v. BETHEL
### Case No. 82-878-MMA43
County County, Monroe County
January 12, 1983

Kirk C. Zueleh, State Attorney and Jonathan G. Ellsworth, Asst. State Atty., for plaintiff.

David Paul Horan, for defendant.

J. ALLISON DeFOOR, II, County Judge.

This cause came to be heard upon the Defendant's Motion to Dismiss pursuant to Fla. Rules of Criminal Procedure 3.190(c)(4), to which the

State of Florida did not traverse, but rather argued the legal effects of the facts to which it thereby stipulated for the purposes of the hearing.

## FACTS:

Defendant was charged on July 1, 1983 in a complaint by the Florida Marine Patrol was the offense of possession of wire-fish traps in violation of F.S. 370.1105(2). The facts set forth in the Defendant's Motion, and untraversed by the State are:

A.   Union Norman Bethel was on the outercontinental shelf of the United States, four to five miles beyond the territorial limits of the State of Florida at the time he was first observed by the Florida Marine Patrol.

B.   At no time between the first sighting and the limit he was placed under arrest, did Union Norman Bethel take any actions or make any statements which would indicate or tend to indicate to the arresting officer that he, Union Norman Bethel, was engaging in any use of fish traps within the territorial limits of the State of Florida.

C.   Union Norman Bethel was using fish traps for fishing the outercontinental shelf of the United States, and in no case was such fishing activity engaged in closer than six miles from the nearest land mass (i.e. three miles outside of the territorial limits of the United States and the State of Florida).

D.   Florida Statutes 370.1105(2) relied on to charge Union Norman Bethel in this case, attempts to regulate the conduct of Florida citizens outside the territorial limits of the State of Florida.

It should be noted significantly, that no evidence was addressed to prove that the Defendant was a citizen of Florida, or his vessel registered or berthed here.

## ISSUES

In short it was conceded by both sides that the conduct of the Defendant leading to his arrest occurred outside the territorial limits of Florida. See *United States v. Florida*, 425 U.S. 791 (1976). The only issue which remained was whether the State's attempt to regulate this extraterritorial act by the Defendant was constitutional.

The Defendant claims the entire field to be preempted by federal legislation citing the Fishery Conservation and Management Act of 1976, 16 U.S.C. 1801 and relying principally upon the Florida case of *Tingley v. Allen*, 397 So.2d 1166 (Fla. 3rd DCA 1981), and *Davis v.*

*Livings* (No. 81-684-CA-17) (16th Cir. Fla., Jan. 27, 1982 Lester, J.), affd. *Livings v. Davis*, Case No. 82-409 (decided Nov. 30, 1981; Fla. 3rd DCA 1982). The State relies upon the dissent of Jorgenson, J. in the decision of *Livings v. Davis*, *supra*, and a case cited therein *State v. Southeastern Fisheries Association, Inc.*, 415 So.2d 1326 (Fla. 1st DCA 1982), for the proposition that preemption does not apply where the vessel registered is a Florida vessel and there is not direct conflict with State Law. It should be noted that there was no showing that there exists currently federal regulations regarding wire-fish traps. Accord *State v. Southeastern Fisheries Association*, 425 So.2d 1326 (Fla. 1st DCA 1982).

### FINDINGS

It is conceded by both sides that the State may regulate the extra-territorial acts of its citizens beyond its boundaries absent federal preemption. *Skiriotes v. State*, 313 U.S. 69 (1941). The *Southeastern Fisheries* case relied upon by the State clearly held that actions such as those alleged to have been committed by the Defendant, may be the subject of state regulation, finding no federal preemption. 415 So.2d at 1329. The case acknowledges the existence of extensive federal legislation in the area, the Fishery Conservation and Management Act of 1976, 16 U.S.C. 1801, *et. seq.*, but notes that 1856(a) of the Act allows State regulation, where (a) the vessel is registered in the State, (b) and the State has a legitimate interest in regulation, and (c) no conflict with federal law exists. *Id* citing *People v. Weeran*, 26 Cal.3d 654, 163 Ca. Rptr. 255, 607 P.2d 1279 (Cal. 1980), *cert. denied*. 449 U.S. 839. Had the vessel been proved on the facts of this case to be so registered, the *Southeastern Fisheries* case might have allowed a similar result.

We do not reach this point however. The Court feels compelled, however, to grant the Motion based upon the clear command of two higher courts in its jurisdiction. In the case of *Tingley v. State*, *supra*, the Third District Court held bluntly:

> "Congress has clearly preempted regulation of *all* fishing in the area between the States' boundaries and 200 miles seaward. (emphasis supplied)" 397 So.2d at 1168.

Expressing a similar sentiment in *Davis v. Livings*, the 16th Judicial Circuit, Lester, J. stated:

> "A conflict does exist between the State and Federal Act in that the Federal Act gives exclusive fishery management authority to the United States and pre-empts *all* extra-territorial jurisdiction of the State both direct and indirect. This Court is of the opinion that Section 370.15(2) is pre-empted by Federal legislation

to the extent that it seeks to regulate fishing activities within an area outside the State's territorial jurisdiction and within the Fishery Management Zone exclusively regulated by *Federal* not State law. (emphasis supplied) *Supra*, at pg. 4.

The State would distinguish factually in that *Tingley* and *Davis* do not deal with fish traps, but this is a distinction without a difference. The command of the cases is clear.

It is equally clear that the command of those cases may well be overly broad subject to being ultimately receded from or overruled. *See Livings v. Davis*, F 2-407, (3rd DCA 1982), Jorgenson, J. dissenting and *State v. Southeastern Fisheries Association, Inc.*, 415 So.2d 1325 (Fla. 1st DCA 1982); *People v. Weeran*, 26 Cal. 3d 654, 163 Cal. Rptr. 255, 607 P.2d 1279 (Cal. 1980), *cert. denied* 449 U.S. 839.

It not being the place of this Court to overrule, not one but two levels of superior courts, the Defendant's Motion is, therefore, hereby GRANTED.