## STATE OF FLORIDA v. NOURSE
Case No. 82 302MM
County Court, Monroe County
April 7, 1983

Kirk C. Zuelch, State Attorney, Henry C. McHale, Asst. State Attorney, for plaintiff.

Karl Beckmeyer, for defendant.

J. ALLISON DeFOOR, II, County Judge.

Once again this Court is faced with a question concerning extraterritorial application of Florida Statutes in the context of marine resources. It is conceded by all parties that the acts leading to the arrest of the defendant in this cause arose outside the waters of the State of Florida. The State however claims a nexus with Florida based upon the defendant living and fishing from the State.

First, the Court finds that the basis for Defendant's motion is jurisdictional and subject to being raised at any time. For reasons fully discussed in *Florida v. Union Norman Bethel*, 5 Fla. Supp.2d 31 (Monroe County, 1983), the Court finds that the State of Florida has no jurisdiction beyond its own waters for the enforcement of Florida Statute Section 370.1105. The command of the case of *Tingley v. Allen*, 397 So.2d 1155 (Fla. 3rd DCA 1981) and *Livings v. Davis*, Case No. 82-409 (decided Nov. 30, 1982; Fla. 3rd DCA 1982) and *Davis v. Livings*, (No.81-684-CA-17) (16th Cir., Fla., Jan. 27, 1981, Lester, J.), is clear. These cases stand for the proposition that all maritime economic activity between the State boundary and 200 miles seaward is to be exclusively regulated by the federal government. As these cases represent the opinions of the two immediately superior levels of court to this Court, it will follow their commands.

The Court does so, however, noting that the commands of those cases may well be overly broad, *Livings v. Davis, supra,* (Jorgenson, J. dissenting), subject to reversal shortly, *State v. Southeastern Fisheries, Inc.,* 415 So.2d 1325 (Fla. 1st DCA 1982); and may not represent the best approach to management of the resources, *See e.g. People v. Weeran,* 25 Cal.3d 654, 163 Cal. Rptr. 255, 607 P.2d 1278 (Cal. 1980) *cert. denied* 449 U.S. 839 (1980). Further, the reasoning of the *Tingley* and *Livings* cases has been questioned in the federal courts, *See Order Denying Motion for Preliminary Injunction, Anderson Seafood, Inc. v. Bob Grahan,* 529 F. Supp. 512 (N.D. Fla. 1982).

Together with the legal issues, there remain serious questions concerning the effects of wire-fish traps, on the resources, the reef and the environment. In this light, the legal foreclosure of state regulation mandated by *Tingley* and *Livings* is made the more acute by the failure of the federal authorities to approve, as yet, any guidelines for the management of wire-fish traps.

This Court is, nonetheless, reluctantly bound to follow controlling precedent, wherefore, Defendant's Motion to Dismiss be and the same is hereby GRANTED.