# CITY OF DAYTONA BEACH SHORES v. WARD
## Case No. CTC84-2378-DBS
County Court, Volusia County

May 15, 1984

### APPEARANCES OF COUNSEL

**Peter Heebner** for plaintiff.
**Richard Orfinger** for defendant.

### OPINION OF THE COURT

GAYLE GRAZIANO, County Judge.

THIS CAUSE having come before the Court on the defendant's First and Second Motions to Dismiss, and the Court having heard arguments of counsel, having reviewed those statutes and case law provided by counsel and being otherwise fully advised in the premises, finds as follows:

### FACTS

1. Ordinance 82-17 of the City of Daytona Beach Shores prohibits the parking of boats, trailers or vessels on the Atlantic Ocean Beach during the nighttime hours.

2. On March 1, 1984, defendant, Paul Wayne Ward, received a citation and notice to appear for an alleged violation of Municipal Ordinance 82-17. At the time and place alleged, the defendant had under his control a boat parked on the Atlantic Ocean Beach, immediately eastward of the Oceans I Condominium, 3051 S. Atlantic Ave., Daytona Beach Shores, FL. Said boat was eastward of the Oceans I seawall and westward of the Atlantic Ocean mean high water line.

3. At all times material hereto, Paul Wayne Ward owned and resided at Apartment 2205, Oceans I. As such, pursuant to the Declaration of Condominium recorded in Official Records Book 1706, Page 422, et. al., Public Records of Volusia County, Florida, the defendant owned an undivided .8112% interest in the common elements of the condominium as defined by statute and by the Declaration of Condominium.

4. The real property that comprises Oceans I is contiguous to the Atlantic Ocean and its beaches.

5. Defendant contends that Municipal Ordinance 82-17 is invalid and therefore all charges should be dismissed.

### LEGAL ANALYSIS

Despite judicial respect for the legislative power and the presumptions of validity of ordinances, every ordinance must stand or face on its own merits and this Court has been asked to rule on the validity or invalidity of Municipal Ordinance 82-17. Whether this particular ordinance is in violation of the defendant's due process rights or not will depend on whether the ordinance is a bona fide exercise of the police power or an arbitrary interference with personal rights under the guise of the exercise of that power. Before reaching this ultimate issue, certain preliminary determinations must be made.

First, is there a personal or property right infringed upon by this ordinance. The defense contends that the parking of a boat is a riparian or littoral right possessed by Mr. Ward as a property owner of Oceans I. This Court is not totally convinced that the defendant, as a .8112% interest holder in the common elements of the condominium, holds such rights or whether these rights are held by some other entity such as the condominium association, but since such a question was not actually placed in issue by the City, this Court will, for purposes of this hearing, consider such rights to be possessed by the defendant.

Riparian rights include boating and therefore must also include access. F.S. 197.228; *Feller v. Eau Gallie Yacht Basin, Inc.,* 397 So.2d 1155 (5th DCA 1981). These rights extend to the mean high water

110

line. F.S. 177.28; *Broward v. Mabry,* 50 So. 826 (1909). Such rights are constitutional and proprietal in nature, and are the subject area of Municipal Ordinance 82-17. The status of beachfront property owners as riparian owners entitles them to greater rights with respect to waters which border on their land than inure to the general public. *Board of Trustees, etc., v. Medeira Beach Nom., Inc.,* 272 So.2d 209. Hence, the defendant does have a property right being infringed upon by Municipal Ordinance 82-17.

Private property rights which include the right to acquire, use and dispose of property cannot be taken for public use without due process of law or just compensation. *Padgett v. Central and Southern Florida Flood Control District,* 178 So.2d 900 (2d DCA 1965). *Kendry v. State Road Department.,* 213 So.2d 23 (4th DCA 1968). To regulate the parking of his boat or to restrict it to certain hours is an invasion by the City on the defendant's riparian rights.

Having established this right and its infringement, then the next determination for the Court is whether this infringement or ordinance has a rational relationship to the public health, morals, safety or general welfare and is reasonably calculated to correct a condition adversely affecting the public good—not whether it is a wise measure or the best means for approaching the problem. If it is a valid exercise of the police power, there is no denial of due process.

A municipality has the power to enact reasonable ordinances. *Brown v. Foley,* 29 So.2d 870. But any ordinance restraining a private right on the grounds of public necessity must be designed to effect a public object. The restraint must be reasonable and bear a direct, real and substantial relation to the public good. Such an ordinance must not be based on mere desire, expediency or convenience. The City may not prohibit an otherwise lawful activity on the use of its public beach which is not inherently dangerous to the public or a nuisance per se or otherwise exercise its police power in an arbitrary, capricious or unreasonable manner. 1979 Attorney General Report 079-71.

If the Court is convinced that the object of the ordinance is one which reasonable men could find fairly debatable as to reasonableness, it must be upheld. *Lester v. City of St. Petersburg,* 183 So.2d 589 (2d DCA 1966). The Court cannot or must not substitute its judgment for that of the local legislative body. The Court will not strike down an ordinance because it is unwise, inexpedient, or operates harshly on those affected. Only if it is a patently unreasonable infringement upon guaranteed rights will the presumption of constitutionality be overcome. Such is not the case before the Court. Whether there is some

111

nexus between ordinance 82-17 and the public welfare is fairly debatable and as such is a valid exercise of the police power, a matter best left to the wisdom of the City Council rather than this Court.

Therefore, it is hereby,

ORDERED and ADJUDGED that the defendant's Motions to Dismiss are hereby DENIED.