# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2010

No. 10-10185
Summary Calendar

Lyle W. Cayce
Clerk

PROVIDENT FINANCIAL INC., Assignee of SMI Marketing Inc.,

Plaintiff

SMI MARKETING, INC.,

Intervenor Plaintiff - Appellant

v.

STRATEGIC ENERGY L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-700

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

SMI Marketing, Inc. ("SMI") appeals a district court's order denying it an
award of attorneys' fees after SMI won a suit against Strategic Energy L.L.C.
("Strategic") for breach of contract.  Because Pennsylvania law, which governed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10185

the substantive issues in this case, does not allow recovery of attorneys' fees for SMI's cause of action, we find no error in the district court's decision. Therefore, we AFFIRM.

## I. Facts and Procedural History

We provide a short summary of the facts and procedural history as they relate to the attorneys' fee issue, as neither SMI nor Strategic appealed the merits of the judgment in favor of SMI on the breach of contract claim.

When Strategic failed to pay commissions to SMI for customer contracts procured by SMI on Strategic's behalf, Provident Financial Inc. ("Provident"), SMI's assignee, filed suit in Texas state court against Strategic seeking to recover the commissions. Strategic removed the case to the United States District Court for the Northern District of Texas. SMI intervened as a plaintiff, also seeking recovery of the unpaid commissions. While the case was in state court, Strategic asserted a general denial of all claimed entitlement to relief, as well as a specific denial that SMI and Provident were entitled to attorneys' fees. None of the parties disputed that, pursuant to a contractual choice-of-law provision, Pennsylvania law governed the substantive issues in the case. However, SMI and Provident asserted that they were entitled to attorneys' fees under Texas law. Strategic also stated that attorneys' fees were governed by Texas law in its brief in support of a motion for judgment on partial findings, filed the same day as the parties' Joint Pretrial Order.

The parties filed a Joint Pretrial Order on September 11, 2009. In this Pretrial Order, under the heading "A Statement of Stipulated Facts," the parties stipulated as follows: "The Agreement is governed by and is to be construed, enforced, and performed in accordance with the laws of the Commonwealth of Pennsylvania without regard to principles of conflicts of law." Both parties' discussion of attorneys' fees tracked Texas law, stating that recovery was conditioned on success of the substantive claims, but neither party cited a

2

No. 10-10185

specific statute. The section of the Order on contested issues did not include whether Pennsylvania law allowed a party to recover attorneys' fees in a breach of contract action.

The case was tried without a jury. During opening statements, Strategic argued that Pennsylvania law prevented recovery of attorneys' fees by SMI and Provident. Following the trial, the court advised the parties of its rulings on primary issues of fact and law, and the parties subsequently agreed on the form of judgment. The court entered its final judgment on the merits on November 24, 2009.

On December 7, 2009, Provident and SMI filed motions for attorneys' fees. Following briefing by the parties, the magistrate judge denied both motions. The court found that, under Pennsylvania law, a party could not recover attorneys' fees in a breach of contract action absent a contractual provision or statutory right providing for such recovery. The court further found that Strategic's statement in its motion for judgment on partial findings that Texas law applied to the attorneys' fees issue was an erroneous statement on a question of law. Therefore, it did not constitute a binding judicial admission. Finally, the court found no evidence to support a claim that Strategic's conduct during the proceedings warranted an award of attorneys' fees under a Pennsylvania statute proscribing bad faith conduct. SMI timely appealed.

## II. Standard of Review

We review a district court's legal conclusions, including decisions on choice-of-law issues, de novo. *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005). We review a trial court's findings of fact for clear error. *Id.*

No. 10-10185

## III. Discussion

The contents of the Pretrial Order guide our decision in this case. Our circuit abides by the rule that a joint pretrial order signed by both parties[1] supersedes all pleadings and governs the issues and evidence to be presented at trial. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 345 n.5 (5th Cir. 2002) (citation and quotations omitted). "Each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case." *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 n.13 (5th Cir. 1985). "Failure to do so may implicate waiver of the issue at the discretion of the trial court, subject to considerations of fairness and efficient administration of justice." *Id.*

Here, both parties stipulated that Pennsylvania law applied to the substantive issues in this case in the Joint Pretrial Order.[2] The Pretrial Order superseded any other pleadings, including any statements by the parties that Texas law governed the request for attorneys' fees.[3] For SMI to be relieved of its

---

[1]   We note that the Joint Pretrial Order contained in the record on appeal is signed only by Strategic's counsel. Given SMI's reliance upon it and reference to it as the parties' pretrial order, however, we conclude that SMI waived any argument as to its authenticity.

[2] In addition to the statement already quoted, under the summary of the claims and defenses that it submitted, SMI stated that "Pennsylvania law, when applied to the simple and unambiguous provisions in the Agreement, holds clearly that: . . . (vi) Provident and SMI are entitled to an award of attorneys' fees in this matter as any such award is conditioned on success on their substantive claims." Likewise, Strategic used the same opening language about Pennsylvania law and then specifically stated that "[n]either Provident nor SMI are entitled to an award of attorneys' fees in this matter as any such award is conditioned on success on their substantive claims."

[3] We note that we are not bound to accept stipulations as to questions of law. *Equitable Life Assurance Co. v. MacGill*, 551 F.2d 978, 983 (5th Cir. 1977); *Overton v. Austin*, 748 F.2d 941, 957 (5th Cir. 1984) (citing *MacGill*). Entitlement to attorneys' fees is generally a question of law. *MacGill*, 551 F.2d at 983. Thus, to the extent that the parties made erroneous stipulations on a question of law, we are not bound to accept those stipulations. However, the parties are bound to their factual stipulations, which "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 130 S. Ct. 2971, 2983 (2010) (citation omitted).

stipulations, it must show that manifest injustice would result. *See* FED. R. CIV.
P. 16(6) (stating that a pretrial order controls the subsequent course of action
unless modified at trial to prevent manifest injustice); *MacGill*, 551 F.2d at 983
(refusing to enforce a party's stipulation that a Florida statute entitled its
opponent to recover attorneys' fees if it prevailed because the Florida Supreme
Court denied such recovery and enforcing the stipulation would therefore result
in manifest injustice).

Our choice-of-law analysis confirms the parties' stipulation regarding
Pennsylvania law, and SMI cannot show manifest injustice. Under Texas
choice-of-law principles,[4] contractual choice-of-law clauses are given effect if the
law chosen by the parties (1) has a reasonable relationship to the parties and the
chosen state and (2) is not contrary to a fundamental policy of the state.[5] *Int'l
Interests, L.P. v. Hardy*, 448 F.3d 303, 306-07 (5th Cir. 2006). Strategic's
principal place of business is in Pennsylvania, thus establishing a reasonable
relationship. *See Salazar v. Coastal Corp.*, 928 S.W.2d 162, 167 (Tex.
App.—Houston [14th Dist.] 1996, no writ); *Chase Manhattan Bank, N.A. v.
Greenbriar N. Section II*, 835 S.W.2d 720, 725 (Tex. App.—Houston [1st Dist.]
1992, no writ). Further, we find no violation of a fundamental state policy, as
Texas courts have denied attorneys' fees if prohibited by the state law

Ultimately, we need not engage in an in-depth analysis as to what type of stipulations the
parties made, as we find that Pennsylvania law governed this case regardless of the
stipulations.

[4] To determine which state's substantive laws control, we follow the choice-of-law
principles of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941);
*Smith v. EMC Corp.*, 393 F.3d 590, 597-98 (5th Cir. 2004).

[5] In *Caton*, we held that a federal court has an obligation to apply the forum state's
choice-of-law rules even if the parties are in agreement as to the controlling law. *Caton v.
Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990); *see also Kreger v. Gen. Steel Corp.*, No. 07-575,
2010 U.S. Dist. LEXIS 86043, at *32 (E.D. La. July 19, 2010) (citing *Caton* and stating that
while other circuits might have concluded that choice of law questions can be stipulated or
waived, the Fifth Circuit has not).

designated in a choice-of-law provision. *Smith*, 393 F.3d at 597-98. Thus, Pennsylvania law governed the substantive issues in this case and, consequently, the award of attorneys' fees. *Ingalls Shipbuilding v. Fed. Ins. Co*, 410 F.3d 214, 230 (5th Cir. 2005) ("The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims."); *Kucel v. Heller & Co.*, 813 F.2d 67, 73 (5th Cir. 1987) (noting that Texas law may control the award of fees, not because Texas is the forum state, but only because Texas law governs the other substantive rights).

Additionally, we find unpersuasive SMI's contention that Strategic waived any argument that attorneys' fees in this case were unrecoverable under Pennsylvania law because Strategic failed to assert such an argument as an affirmative defense.[6] Although reliance on a statute prohibiting recovery may be an affirmative defense subject to waiver, Strategic did not rely on such a statutory bar or plea in avoidance. *See, e.g., Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (stating that an avoidance in pleadings is an "allegation or statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect" (citation omitted)). Rather, Strategic denied an intrinsic element of SMI's claim for attorneys' fees—that Pennsylvania law allowed recovery of fees in a breach of contract action, absent

---

[6] We reject the notion that the Pennsylvania rules of civil procedure govern this case. Although in a diversity case, Pennsylvania law may determine whether a defense constitutes an affirmative defense, the Federal Rules of Civil Procedure govern how a party must plead that defense in federal court. *See* FED. R. CIV. P. 8; FED. R. CIV. P. 81(c); *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) ("More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."); *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 603, 610 (5th Cir. 2007) (stating that in a diversity action, "substantive state law determines what constitutes an affirmative defense" and the Federal Rules of Civil Procedure "provide the manner and time in which defenses are raised and when waiver occurs" (citation omitted)).

vexatious or similar conduct.[7]  *See id.* (noting that in determining whether a defense constitutes an affirmative defense, the court inquires into whether the "matter at issue fairly may be said to constitute a necessary or extrinsic element in the plaintiff's cause of action").  Thus, Strategic's argument appears similar to a defense that SMI failed to state a claim upon which relief can be granted, and Strategic asserted such a defense in its reply to SMI's complaint.  Further, Strategic's denial of all allegations in SMI's Prayer for Relief, as well as Strategic's specific denial that SMI was entitled to attorneys' fees sufficed to put this matter at issue.[8]  *See* FED. R. CIV. P. 8 (requiring short and plain statement of claims and defenses); *Simon v. United States*, 891 F.2d 1154, 1157 (5th Cir. 1990)(noting that if a party raises an issue at a "pragmatically sufficient time," and the opposing party is not prejudiced in its ability to respond, there is no waiver of the claim or defense (citation omitted)).

We also do not find that Strategic waived its argument that Pennsylvania law denied recovery of attorneys' fees because Strategic failed to assert this defense with specificity in the Pretrial Order.  The choice-of-law provision itself, the stipulations as to Pennsylvania law in the Pretrial Order, and Strategic's opening arguments at the trial all provided notice to the district court and to SMI and thus preserved the choice-of-law issue.[9]  *See Emp'rs Ins. of Wausau v.*

---

[7] SMI admitted in its reply brief that it could find no authority for the assertion that the nonexistence of a statute providing recovery of attorneys' fees constituted an affirmative defense.

[8] We note that even if Strategic's argument qualified as an affirmative defense and Strategic failed to assert it properly, SMI still had the burden to prove that it was entitled to attorneys' fees under Pennsylvania law.

[9] Under Texas procedural law, a party wishing to assert a choice-of-law issue must plead and prove the applicability of that law or request that the court take judicial notice of it.  *Gevinson v. Manhattan Const. Co. of Okla.*, 449 S.W.2d 458, 465 n.2 (Tex. 1969); *see also* TEX. R. EVID. 202 (detailing method of proving another state's law).  Otherwise, a Texas court presumes that the law of the foreign jurisdiction is the same as the forum state and applies the law of the forum state.  *Id.*  However, the Federal Rules of Civil Procedure and Evidence

No. 10-10185

*Occidental Petroleum Corp.*, 978 F.2d 1422, 1430 n.8 (5th Cir. 1992) (stating that a party intending to raise a choice-of-law issue has an obligation to call the applicability of another forum's law to the court's attention); *Kucel*, 813 F.2d at 73 (finding a party did not waive a choice-of-law provision, as the provision itself provided notice, the party raised the issue in its motions to dismiss, and the pretrial order did not preclude consideration of choice-of-law issues).

Finally, we reject SMI's argument that it suffered prejudice because, believing that Texas law applied to attorneys' fees, SMI chose not to offer evidence to establish an alternative ground of recovery for such fees under Pennsylvania law.[10] SMI bases this argument on Strategic's allegedly meritless defense to the breach of contract issue, a matter squarely presented at trial and not extraneous to the disputes already before the court. Having heard all the evidence, including the evidence of Strategic's alleged bad faith in asserting a defense, the district court found insufficient support in the record for an award of attorneys' fees as a sanction for any conduct on the part of Strategic. As SMI has not shown any error as to this holding, we will not disturb it, and SMI cannot establish prejudice from the alleged surprise.

## IV. Conclusion

Because we find no error in the district court's decision to deny SMI's motion to obtain attorneys' fees that are unrecoverable under Pennsylvania law, we AFFIRM.

---

govern this case and under our circuit's precedent, a party must simply bring the choice-of-law issue to the court's attention in time for the court to consider it. *Kucel*, 813 F.2d at 73. The party need not plead and prove the content of the foreign law or show that it differs from the law of the forum state, as federal courts must take judicial notice of the content of the laws of every state. *Id.*

[10] Pennsylvania law allows a participant to receive counsel fees as a sanction against another participant for dilatory, obdurate, or vexatious conduct. 42 PA. CONS. STAT. § 2503(6), (7), (9) (2004).